[J-30-2022] [MO: Donohue, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA
WESTERN DISTRICT**

| | |
|---|---|
| MARIE SCOTT, NORMITA JACKSON, MARSHA SCAGGS, REID EVANS, WYATT EVANS, TYREEM RIVERS | : No. 16 WAP 2021 |
| | : |
| | : Appeal from the Order of the |
| | : Commonwealth Court entered May |
| | : 28, 2021 at No. 397 MD 2020. |
| v. | : |
| | : ARGUED:  April 13, 2022 |
| | : |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE | : |
| | : |
| | : |
| | : |
| APPEAL OF: MARIE SCOTT, NORMITA JACKSON, MARSHA SCAGGS, TYREEM RIVERS | : |
| | : |

**CONCURRING OPINION**

**JUSTICE MUNDY**                                        **DECIDED:  OCTOBER 19, 2022**

I agree with the result reached by the majority, but I am not aligned with all of its reasoning.  For example, I have difficulty with the majority's description of this Court's decision in *Hudson v. Pennsylvania Board of Probation & Parole*, 204 A.3d 392 (Pa. 2019), as accepting as a general matter that "claims challenging parole [in]eligibility are properly within the Commonwealth Court's original and exclusive jurisdiction."  Majority Op. at 15.  The majority suggests *Hudson* therefore "facially supports the Appellants."  *Id.* at 16.  It then characterizes *Hudson*'s failure to discuss jurisdiction as an "omission" that must be "rectified," *id.* at 17, and it goes to some length in distinguishing the nature of the claim in *Hudson* from that of the present claim.

While I agree the claim here is different in character from that in *Hudson*, I believe the majority overcomplicates matters.  *Hudson*, very simply, was about statutory

construction. The question was what Pennsylvania statutory law means when it states a person convicted of second-degree murder "shall be sentenced to a term of life imprisonment." 18 Pa.C.S. §1102(b); *see Hudson*, 204 A.3d at 395 (summarizing the prisoner's statutory-construction arguments); *see also id.* at 394 (explaining that the prisoner had argued to the Commonwealth Court that his sentence should be construed to have an implied minimum of one day). There was no impediment to jurisdiction because the prisoner did not contend his sentence was illegal or otherwise invalid, only that the Parole Board misunderstood it as not embodying a minimum sentence of one day. As he therefore did not seek *habeas* relief, the exception to the Commonwealth Court's jurisdiction for such matters was not implicated, *see* 42 Pa.C.S. § 761(a)(1)(i), and so neither party thought to raise the jurisdictional issue. Here, by contrast, Appellants are asserting that an integral part of their sentences, the lack of parole eligibility, is unconstitutional. That is quite clearly a challenge to the legality of their sentences, *see* Majority Op. at 9 ("Eligibility for parole consideration is entirely a function of the sentence.") (internal quotation marks and citation omitted), which falls under the PCRA. *See* 42 Pa.C.S. § 9545(a); *Commonwealth v. Moore*, 247 A.3d 990, 997 (Pa. 2021).

A final observation relates to the way the issue has been briefed. Appellants include extraneous detail about their age, health, time in prison, and achievements. This may have multiple objectives, but one seems to be to show that, as applied to them, precluding parole serves no penological purpose. *See* Brief for Appellants at 11, 13. A subsidiary contention is that denying jurisdiction will place them in a Catch-22 because they had to wait many years to forward such case-specific arguments, but that in turn precludes them from complying with the PCRA's one-year time bar. *See* 42 Pa.C.S. § 9545(b)(1). Appellants also maintain, however, that *anyone* who commits second-

degree murder without killing or intending to kill is categorically less culpable under the Eight Amendment. *See* Brief for Appellants at 8, 11.

I believe the correct way to view the merits of the substantive issue is on a categorical basis, and not premised on a particular defendant's age, health, time served, accomplishments, or the like. In this regard, the Parole Board plausibly offers that the proper judicial avenue for individuals sentenced to life without parole on a second-degree murder conviction is to challenge the lack of parole eligibility on direct appeal or in a timely PCRA petition. If they prevail, and the new constitutional right is held to apply retroactively, relief may then be available to Appellants under the PCRA, *see* 42 Pa.C.S. § 9545(b)(1)(iii), just as juvenile offenders who were sentenced to life without parole were able to use the holding in *Miller v. Alabama*, 567 U.S. 460 (2012), to obtain relief through the PCRA. *See* Brief for Appellee at 11-12.

Accordingly, I respectfully concur in the result.